UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT M. THOMPSON,

    Plaintiff,

v.                                            Case No. 8:07-CV-324-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social
Security

    Defendant.
_____/

**ORDER**

    Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff seeks judicial review of an administrative decision denying his supplemental security income ("SSI"). Plaintiff argues that the Administrative Law Judge (ALJ) erred by (1) failing to properly assess his chronic pain; (2) failing to determine whether hepatitis C is a severe impairment; (3) failing to consider his illnesses in combination; and (4) failing to properly assess his credibility. After considering the record, I find that the ALJ's decision is not supported by substantial evidence. Therefore, the case is remanded for further administrative proceedings consistent with this order.

    *A. Background*

    Plaintiff was 54 years old at the time of the ALJ's decision on September 14, 2006. He has a high school education and past work experience as a dry wall installer and a stage technician. Plaintiff alleges disability beginning on March 5, 2002, due to chronic pancreatitis, hepatitis C, diabetes, and depression. After Plaintiff's application was denied both initially and upon reconsideration, the ALJ conducted a hearing and concluded he could perform a full range

of light work.  Next, the Appeals Council denied Plaintiff's request for review, and Plaintiff filed an appeal to this Court.  The case is now ripe for review.

      *B.  Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 416.920(a).  Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR § 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports them.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the

evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *C. Discussion*

        *1. chronic pain*

The Plaintiff asserts the ALJ erred by discrediting his testimony concerning his level and intensity of chronic pain. Pain alone can be disabling, even when its existence is unsupported by objective evidence. *Walker v. Bowen*, 826 F.2d 996, 1003 (11th Cir. 1987). The Commissioner must consider a claimant's subjective testimony concerning pain if he finds evidence of an underlying medical condition and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition; or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). After considering a claimant's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984). And, if the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility. *Id.* citing *Walker, supra,* at 1004. Here, the ALJ summarily rejected Plaintiff's complaints of pain even though the

medical evidence repeatedly shows that Plaintiff suffers from chronic idiopathic pancreatitis causing constant abdominal pain.  Chronic pancreatitis is a medical condition that could reasonably be expected to cause severe pain.[1]   Hence, I find the ALJ's decision is not supported by substantial evidence.

The medical evidence reveals abdominal pain from chronic pancreatitis beginning when Plaintiff was a teenager, requiring a partial distal pancreatectomy, and  multiple hospitalizations for pancreatic pain throughout his life to date (R. 175-177).  Medical records from February 22, 2001 and June 28, 2001, document a diagnosis of pancreatic insufficiency characterized by recurrent chronic abdominal pain, inability to tolerate food, and episodes of vomiting (R. 110, 112).  Notes from June 28, 2001 indicate he was hospitalized three times during the past month for chronic abdominal pain (R. 110).  Plaintiff's reported that methadone had helped his abdominal pain but his pancreatic insufficiency persisted.  On August 27, 2001 (R. 107), his pain had worsened and he reported being depressed.  By his next appointment on October 9, 2001 (R. 106), and on November 30, 2001, he complained that he had experienced bad abdominal pain

---

[1] Chronic pancreatitis involves long-term inflammation and scarring of the pancreas that is irreversible.  Pancreatic enzyme levels in the blood (anylase and lipase) are usually very high during acute pancreatitis, but may only be mildly elevated or even within normal limits with chronic pancreatitis.  Pain is one of the diagnostic features of acute pancreatitis, and some patients have severe abdominal pain with chronic pancreatitis either intermittently, after eating fatty foods, or constantly.  Pancreatic insufficiency is when the pancreas is unable to produce enough digestive enzymes to break down and absorb food in the intestine.  This leads to steatorhea, a type of oily diarrhea associated with chronic pancreatitis and malabsorption.  Diabetes may also develop in patients with chronic pancreatitis if the islet cells responsible for making insulin are scarred.  Unfortunately, treatment options are limited.  Pancreatic enzyme supplements taken with food help in digestion, but treatment of pain is usually targeted at masking the symptoms with pain medications.  www.pancreasfoundation.org (The National Pancreas Foundation, "Chronic Pancreatitis – A Frequently Misunderstood Disease," Michele Dominick Bishop, M.D., MMSc, 2003).

from November 6 to 14, and was scheduled for a nerve block in December (R. 104). On March 5, 2002, the records indicate Plaintiff had pain in pancreas and not eating, and the doctor assessed him as having chronic abdominal pain and pancreatic insufficiency (R. 103). The records from December 12, 2002, indicate Plaintiff had been in the hospital in November 2002 for five days for chronic pancreatitis (R. 102). The summary discharge from the November 2002 hospitalization states that Plaintiff appeared anorexic with weight loss and fever (R. 127). Reports of pancreatic pain, vomiting, diarrhea, and constipation continued on March 19, 2003 (R. 99), and on May 1, 2003 (R. 96). He also reported anxiety and depression (R. 96). The medical records do not show resolution of the abdominal pain, and in fact Plaintiff's representative reported at his administrative hearing on June 23, 2006, that Plaintiff was discharged the previous day from the hospital after a four-day stay for pancreatic abdominal pain (R. 228).

Plaintiff describes his pain as a "6-10 [on a scale of 1-10] [in the] center of belly straight thru [sic] to back," "always hurts, lifting intensifies the pain, "I'm always in pain- sometimes it's worse than other times" (R. 132). He testified that he experiences abdominal pain in the pit of his stomach on a daily basis, requiring pain medication and sometimes hospitalization (R. 241). Plaintiff described other problems his pancreatitis causes: diarrhea three times each day, an inability to eat, and trouble maintaining weight (R. 242). He said he had lost 25 pounds in the past two months due to his abdominal pain (R. 242).

The ALJ noted only that Plaintiff had chronic pancreatitis and was prescribed methadone for pain management, and mentioned only one hospitalization for abdominal pain, even though there were other treatments and hospitalizations for pancreatitis or abdominal pain clearly documented in the medical evidence. In fact, the ALJ dedicated less than one page to discussing

Plaintiff's medical evidence. The ALJ mentioned that he must "consider all symptoms, including pain," but did not discuss Plaintiff's subjective complaints before finding Plaintiff not disabled. The medical evidence reveals an objective medical condition, pancreatitis, that can reasonably be expected to give rise to the types of complaints, including pain, that Plaintiff repeatedly experiences. In light of Plaintiff's medical condition, I find that the ALJ did not correctly evaluate Plaintiff's pain complaints. [2] On remand, the ALJ should assess Plaintiff's pain under the Eleventh Circuit pain standard, and evaluate the intensity, persistence, and limiting effects of the Plaintiff's symptoms to determine the extent to which the symptoms limit his ability to perform basic work activities. *See Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986); SSR 96-7p; 20 C.F.R. § 404.1529(c)(4).

### 2. *combination of impairments, Plaintiff's testimony*

Additionally, I find the ALJ's treatment of Plaintiff's impairments in combination and his analysis of Plaintiff's testimony flawed. On remand, the ALJ is instructed to consider the combined effect of Plaintiff's pancreatitis, hepatitis C, diabetes, depression, and coronary artery disease. The ALJ should also discuss whether Plaintiff's hepatitis C is a severe impairment.

### D. Conclusion

For the reasons stated, it is hereby

ORDERED:

---

[2] As in *Marbury*, the ALJ acknowledged that the record contained reports of abdominal pain, but only determined that medical evidence did not demonstrate functional limitations that would reasonably prevent Plaintiff from performing light work. The ALJ, however, did not provide adequate reasons for discounting Plaintiff's complaints of chronic abdominal pain related to his pancreatitis.

1.	The Commissioner's decision is REVERSED and the matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2.	The Clerk of Court is directed to enter judgment for the Plaintiff.

IT IS SO ORDERED at Tampa, Florida on this 15th day of February, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE